MEMORANDUM *
Defendant John Frederick Jaeger appeals his conviction and sentence on drug and firearms charges. Relevant facts are set forth in an opinion published this date. This memorandum disposes of the issues not covered in that opinion.
1. The district court did not clearly err in issuing the search warrants. See Dawson v. City of Seattle, 435 F.3d 1054, 1062 (9th Cir.2006) (providing our standard of review). Considering the totality of the circumstances, there was a substantial basis to conclude that there was a fair probability that evidence of a crime might be found in Defendant’s pickup truck and homes. See United States v. Gourde, 440 F.3d 1065, 1069 (9th Cir.) (en banc), cert. denied, 549 U.S. 1032, 127 S.Ct. 578, 166 L.Ed.2d 432 (2006) (stating standard for issuance of search warrant).
2. Sufficient evidence supported Defendant’s conviction for conspiracy. See United States v. Hernandez-Herrera, 273 F.3d 1213, 1218 (9th Cir.2001) (reviewing de novo a trial court’s denial of a motion for acquittal). A rational trier of fact could conclude beyond a reasonable doubt that the direct and circumstantial evidence—including the testimony of Stau-denmayer, Caldwell, and Hoffman—proved an agreement to distribute methamphetamine. See id. (describing standard); United States v. Iriarte-Ortega, 113 F.3d 1022, 1024 (9th Cir.), amended on denial of reh’g, 127 F.3d 1200 (9th Cir.1997) (listing elements of drug conspiracy).
3. Applying the Supreme Court’s recent decision in Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), we conclude that the sentence imposed was both procedurally and substantively reasonable. The court calculated the base offense properly, erring on the side of caution in approximating drug quantity; acknowledged that the Sentencing Guidelines range was advisory only; gave the parties an opportunity to argue for a sentence through written objections and in open court; and considered the factors in 18 U.S.C. § 3553(a). The resulting sentence was at the low end of the applicable Guidelines range and was reasonable.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.